NO. PD-0989-15

| | | | |
|---|---|---|---|
| ARTURO SANCHEZ ALMAGUER (Appellant/Petitioner) | § | IN THE COURT OF | |
| v. | § | CRIMINAL APPEALS | |
| | § | | |
| THE STATE OF TEXAS (Appellee/Respondent) | § | OF TEXAS, AUSTIN | |

MOTION FOR REHEARING EN BANC ON
PRO SE PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

NOV 09

Abel Acosta, Clerk

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Arturo Sanchez Almaguer in this motion urging this Court to grant a rehearing on his Petition for Discretionary Review as provided by Texas Rules of Appellate Procedure, Rule 79.1 and 79.2. And in support would show the following:

I.
ACTUAL INNOCENCE

Arturo Sanchez Almaguer is actually innocent of the offense of capital murder. The conviction rests on nothing more than probable cause. The prosecutors were able to sway the jury through fanciful speculation and shifting of the burden of proof using the law of parties to explain away the lack of proof.

II.
BURDEN OF PROOF

The standard of review for determining whether the evidence is sufficient to support a conviction is Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.2781, 61 L.Ed.2d 560 (1979). Following this standard, this Court made a distinction between speculation and reasonable inference in Hooper v. State, 214 S.W.3d 9(2007). The appellate court did not follow the standard regarding the burden of proof.

1.

## III.
### ERRONEOUS STANDARD OF REVIEW

The Court of Appeals applied a standard of review that does not apply. The "law of parties" standard was used to determine that the evidence was sufficient. The jury was not instructed to apply the law of parties. Yet the prosecutors and the Court of Appeals effectively "lowered" the burden of proof by using the law of parties to explain away the proof regarding the elements of the offense that could not be supported by rational inference or corroberated by other evidence.

## IV.
### MISCARRIAGE OF JUSTICE

It will be a complete miscarriage of justice to allow this conviction to stand without a legitimate review of the grounds raised in the Petition for Discretionary Review. Prosecutors have been given free reign to do "whatever it takes" to gain a conviction and shift the burden of proof to the defendant. This case is a clear example of government oppression created by a lack of checks and balances through the appellate courts.

## V.
### RULE 79.2(c) CERTIFICATION

I hereby certify that the foregoing facts are grounded in substantial circumstances, specifically that Almaguer is actually innocent of capital murder. This motion is made in good faith and not for delay and should be granted in the interest of justice.

Respectfully submitted,

*Arturo Sanchez Almaguer*
Arturo Sanchez Almaguer
TDCJ# 1918635
3001 S. Emily Dr.
Beeville, TX 78102

2.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion for rehearing has been forwarded to the State Prosecuting Attorney at P.O. Box 13046, Austin, TX 78711-3046 through the McConnell Unit mailroom postage prepaid first Class on this 4th day of November, 2015.

_Arturo Sanchez Almaguer_
Arturo Sanchez Almaguer

Arturo Sanchez Almaguer #1918635

3001 S. Emily Dr.

Beeville, TX 78102

November 4, 2015

RE: Motion for Rehearing on Petition for Discretionary Review

Dear Honorable Clerk,

Please find my Motion for Rehearing en banc enclosed. I have submitted this motion following T.R.A.P. Rules 79.1 and 79.2. I included the 79.2(c) certification in the text of the motion. Please file my motion and notify me of the date of filing and any rulings that follow. Thank you for your time and attention in this most urgent matter.

Sincerely,

Arturo Sanchez Almaguer

I would like to notify the Court that the address supplied to me for the State Prosecuting Attorney is wrong. My copy to the Prosecutor came back as undeliverable. I don't have a reason to re-mail it unless this Motion for rehearing is granted.

Thank you.